Mr. Skip Cook P.O. Box 22666 Little Rock, Arkansas 72221
Dear Mr. Cook
This is in response to your request, pursuant to A.C.A.7-9-107, for certification of the following popular name and ballot title:[1]
(Popular Name)
ARKANSAS JUDICIAL ELECTION PRACTICES AMENDMENT
(Ballot Title)
 THE PEOPLE OF ARKANSAS HEREBY RESOLVE ELECTIONS IN OUR STATE'S JUDICIAL SYSTEM SHOULD BE NON-PARTISAN. A PROCESS WHERE CANDIDATES WHO RUN FOR MUNICIPAL, CHANCERY, CIRCUIT, CIRCUIT/CHANCERY, ARKANSAS COURT OF APPEALS OR ARKANSAS SUPREME COURT ARE PREVENTED FROM HAVING ANY PUBLIC AFFILIATION WITH, OR ALLEGIANCE TO, A POLITICAL PARTY. PROVIDING THAT ANY CANDIDATE FOR JUDGE SHOULD PAY A STATED FILING FEE TO THE APPROPRIATE CITY, COUNTY OR STATE ELECTION COMMISSION; AND BY VIRTUE OF PAYING THAT FILING FEE, BE ENTITLED TO APPEAR ON THE BALLOT FOR A RESPECTIVE JUDICIAL POSITION. PROVIDE FOR ORDERLY AND FAIR ELECTIONS. TO ESTABLISH A JUDICIAL ELECTION COMMISSION WHICH WILL SEEK APPROPRIATIONS AND DISBURSE MONEYS TO INSURE THAT THE WIDEST RANGE OF JUDICIAL CANDIDATES APPEAR ON ALL ELECTION BALLOTS. PROVIDING THAT CANDIDATES FOR ANY JUDICIAL POSITION SHOULD HAVE LIMITATIONS PLACED ON POLITICAL CONTRIBUTIONS THEY RECEIVE TO ELIMINATE A POTENTIAL OF FUTURE BIAS. THE PEOPLE RECOGNIZE THAT MEMBERS OF THE JUDICIARY WHO BECOME ENTRENCHED IN ANY ONE POSITION, ARE LESS REPRESENTATIVE OF AND LESS SENSITIVE TO THE WILL OF THE ELECTORATE. THEREFORE THE CITIZENS OF ARKANSAS LIMIT THE LENGTH AND TERMS OF SERVICE FOR JUDGES IN ELECTED OFFICE, MAKING THE PROVISIONS OF THIS AMENDMENT EFFECTIVE JANUARY 1, 1995, AND FOR OTHER PURPOSES.
The Attorney General is required pursuant to Section 7-9-107 to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, the entire petition may be rejected.
Section 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment or likelihood that it will accomplish its stated objective. Consequently, this review has been limited to determining whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed initiative.
The purpose of my review and certification is to insure that the popular name and ballot title honestly, intelligently, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucus v. Riviere, 283 Ark. 463,466, 677 S.W.2d 846 (1984). The popular name is primarily a useful legislative device. Pafford v. Hall, 217 Ark. 734,233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions which might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining its sufficiency. Id.
A ballot title must include an impartial summary of the proposed amendment which will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416,417, 316 S.W.2d 185 (1958); Becker v. Riviere, 270 Ark. 219,223, 226, 604 S.W.2d 555 (1980). It has been stated that the ballot title must contain any information that would "give the elector `serious ground for reflection'". Finn v. McCuen,303 Ark. 418, 798 S.W.2d 34 (1990), citing Gaines v. McCuen,296 Ark. 513, 758 S.W.2d 403 (1988). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71
(1990) citing Leigh v. Hall, 232 Ark. 558, 339 S.W.2d 104
(1960).
Applying these precepts, it is my conclusion that a more suitable, complete, and correct popular name and ballot title should be substituted for those proposed. The following is hereby certified in order to insure that, when construed together, the popular name and ballot title accurately set forth the purpose of the act being referred:
(Popular Name)
 NONPARTISAN JUDICIAL ELECTION AND JUDICIAL TERM LIMITATION AMENDMENT
(Ballot Title)
 AN AMENDMENT TO THE ARKANSAS CONSTITUTION TO PROVIDE THAT CANDIDATES FOR ELECTED JUDICIAL OFFICES IN THE STATE OF ARKANSAS ARE PROHIBITED FROM ASSOCIATING ANY PART OF THEIR CAMPAIGNS WITH, OR SEEKING THE ENDORSEMENTS OF, ANY POLITICAL PARTY OR ORGANIZATION; PROVIDING THAT A CAUSE OF ACTION MAY BE BROUGHT BY ANY CITIZEN AGAINST ANY CANDIDATE FOR JUDICIAL OFFICE WHO KNOWINGLY VIOLATES THIS AMENDMENT; PROVIDING FOR REMOVAL OF THE CANDIDATE'S NAME FROM THE BALLOT OR INVALIDATING VOTES CAST FOR THE CANDIDATE IF A VIOLATION OF THIS AMENDMENT IS PROVEN; REQUIRING EACH JUDICIAL CANDIDATE TO PAY TO THE APPROPRIATE ELECTION COMMISSION A FILING FEE IN THE FOLLOWING AMOUNTS: CANDIDATES FOR MUNICIPAL JUDGE, $250.00; CANDIDATES FOR JUVENILE JUDGE, $250.00; CANDIDATES FOR CHANCERY AND CIRCUIT JUDGES, $300.00; CANDIDATES FOR COURT OF APPEALS JUDGE, $500.00; AND CANDIDATES FOR SUPREME COURT JUDGE, $1000.00; DIRECTING THE ARKANSAS GENERAL ASSEMBLY TO APPROPRIATE FROM THE ARKANSAS GENERAL FUND A SUM OF $150,000.00 PER ANNUM AS A JUDICIAL ELECTION FUND; PROVIDING THAT THIS JUDICIAL ELECTION FUND SHALL BE USED FOR THE SPECIFIC PURPOSE OF AIDING INDIVIDUAL COUNTIES TO UNDERWRITE THE JUDICIAL PORTION OF PRIMARY, RUNOFF/GENERAL ELECTION EXPENSES; ESTABLISHING AN ARKANSAS JUDICIAL ELECTION COMMISSION WHICH SHALL BE COMPOSED OF FIVE MEMBERS APPOINTED BY THE GOVERNOR, ATTORNEY GENERAL, CHIEF JUSTICE OF THE SUPREME COURT AND PRESIDENT OF THE STATE BAR ASSOCIATION, WITH THE SECRETARY OF STATE ACTING AS CHAIRMAN; PROVIDING THAT THE DUTY OF THE JUDICIAL ELECTION COMMISSION WILL BE TO FAIRLY DISBURSE MONEYS FROM THE JUDICIAL ELECTION FUND TO RESPECTIVE COUNTY CLERKS; REQUIRING THAT ALL JUDICIAL ELECTIONS BE HELD ON THE THIRD TUESDAY IN SEPTEMBER; PROVIDING FOR RUN-OFF ELECTIONS TO BE HELD, IF NECESSARY, IN JUDICIAL DISTRICT AND STATEWIDE CONTESTS ON THE FIRST TUESDAY IN NOVEMBER OR IN CONJUNCTION WITH THE REGULARLY HELD GENERAL ELECTION HELD NO LATER THAN TEN (10) WEEKS FOLLOWING THE REGULAR JUDICIAL ELECTION; PROVIDING THAT IF ANY MUNICIPAL, CHANCERY, CIRCUIT OR CIRCUIT/CHANCERY JUDICIAL POSITION BECOMES VACANT IN THE MIDDLE OF A TERM, THE ARKANSAS JUDICIAL ELECTION COMMISSION WILL APPROPRIATE FUNDS TO FINANCE A SPECIAL JUDICIAL ELECTION AND, IF NECESSARY, A RUN-OFF ELECTION TO FILL THE VACANCY; PROVIDING THAT SUCH SPECIAL ELECTIONS SHALL BE HELD WITHIN SIX (6) WEEKS OF THE JUDICIAL POSITION BECOMING VACANT; PROVIDING THAT IF ANY MEMBER OF THE ARKANSAS SUPREME COURT OR THE ARKANSAS COURT OF APPEALS IS UNABLE TO SERVE A FULL TERM IN OFFICE, THE ARKANSAS JUDICIAL ELECTION COMMISSION WILL SUBMIT THREE NAMES FOR EACH VACANT POSITION TO THE GOVERNOR, WHO WILL THEN APPOINT ONE PERSON FROM THAT LIST TO FILL THE REMAINDER OF THE TERM VACATED; PROVIDING THAT NO CANDIDATE FOR JUDICIAL OFFICE MAY ACCEPT MORE THAN $100.00 IN CAMPAIGN CONTRIBUTIONS FROM AN INDIVIDUAL, POLITICAL ACTION COMMITTEE, OR POLITICAL PARTY; LIMITING THE LENGTH OF SERVICE AND THE NUMBER OF TERMS THAT MAY BE SERVED BY PERSONS IN THE ARKANSAS JUDICIAL OFFICES OF MUNICIPAL JUDGE, CIRCUIT/CHANCERY JUDGE, CHANCERY JUDGE, CIRCUIT JUDGE, AND COURT OF APPEALS JUDGE TO TWO (2) FOUR-YEAR TERMS IN ANY ONE OF THESE OFFICES; LIMITING THE LENGTH OF SERVICE AND THE NUMBER OF TERMS THAT MAY BE SERVED BY SUPREME COURT JUDGES TO TWO (2) SIX-YEAR TERMS; PROVIDING THAT ONLY THOSE TERMS OF SERVICE IN THE SPECIFIED JUDICIAL OFFICES BEGINNING AFTER THE EFFECTIVE DATE OF THIS AMENDMENT ARE APPLICABLE IN DETERMINING LENGTH OF SERVICE IN THOSE JUDICIAL OFFICES; PROVIDING THAT IF ANY JUDGE IS SERVING TWO YEARS OR LESS OF A REMAINING TERM AFTER THE EFFECTIVE DATE OF THIS AMENDMENT, THAT PERIOD WILL NOT COUNT TOWARD A FUTURE CALCULATION AS TO THE NUMBER OF TERMS SERVED; PROVIDING THAT THIS AMENDMENT IS SELF-EXECUTING; PROVIDING FOR AN EFFECTIVE DATE OF JANUARY 1, 1995; AND MAKING THE PROVISIONS APPLICABLE TO ALL PERSONS THEREAFTER SEEKING OR HOLDING ANY OF THE SPECIFIED JUDICIAL OFFICES; REPEALING ALL CONTRARY LAWS AND CONSTITUTIONAL PROVISIONS; AND FOR OTHER PURPOSES.
Pursuant to A.C.A. 7-9-108(c), instructions to canvassers and signers are enclosed herewith.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
Enclosure
[1] A copy of the popular name and ballot title were submitted with the initial request which was made on December 27, 1993. On December 30, 1993, a revised copy of the same amendment was submitted to this office. While the popular name and ballot title in both the December 27 and December 30 submissions are identical, Section 5 of the text of the amendment was changed. Thus, the copy of the amendment submitted to this office on December 30, 1993 will be used in reviewing the amendment for certification.